# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br>　vs.<br>THE HALL FAMILY TRUST DATED JUNE 8, 2001, et al.,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 16cv538-LAB (BGS)<br><br>**ORDER DENYING MOTIONS TO DISMISS** |

The United States filed this action to reduce certain tax obligations to judgment and to foreclose on certain tax liens on real property in Solana Beach, within this District. The complaint named various possible claimants to the property as Defendants. Some Defendants have disclaimed interest in the subject property and have been dismissed. But Defendants A & F Family Pure Trust, Estate of Neil Alan Scott, Frances V. Scott, and Michael A. Scott filed an answer. (Docket no. 5.) Also Defendants Amy Hedwig Hall, Russell Merton Hall, and The Hall Family Trust Dated June 8, 2001 filed a motion to dismiss for failure to state a claim (Docket no. 15), as did Union Bank, N.A. (Docket no. 20.) Defendant California Coast Credit Union joined in the earlier motion to dismiss. The two motions raise the same arguments.

/ / /

/ / /

**Legal Standards**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Under Fed. R. Civ. P. 8(a)(2), only "a short and plain statement of the claim showing that the pleader is entitled to relief," is required, in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*. at 555. "[S]ome threshold of plausibility must be crossed at the outset" before a case is permitted to proceed. *Id*. at 558 (citation omitted). The well-pleaded facts must do more than permit the Court to infer "the mere possibility of misconduct"; they must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court accepts all allegations of material fact in the complaint as true and construes them in the light most favorable to the non-moving party. *Cedars–Sinai Medical Center v. National League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007) (citation omitted). The Court is "not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint," and does "not . . . necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citations and quotation marks omitted). In addition to the pleaded facts, the Court may consider facts of which it has taken judicial notice. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

Arguments not raised in the opening brief are ordinarily waived. *Mesa Grande Band of Mission Indians v. Salazar*, 657 F. Supp. 2d 1169, 1173 (S.D. Cal. 2009).

**Discussion**

The Court accepts the following alleged facts as true for purpose of ruling on the motions. In late 1999, the A&F Family Pure Trust acquired the Solana Beach property. At the time, Neil Alan Scott was the Trustee. The property was bought with funds from bank accounts he controlled. From around 2006 to 2008, the IRS assessed tax liabilities and

interest against Neil Alan Scott for tax years 1999 through 2002. These and other liabilities were adjudicated in favor of the IRS in *Neil Alan Scott v. Commissioner*, United States Tax Court Case Number 14825-06. He failed to pay these obligations. These obligations are substantial; as of the end of 2015, they amounted to nearly $7 million.

In 2008, the IRS filed a notice of federal tax lien ("NFTL") with the San Diego County recorder's office giving the taxpayer's name as "A & F Family Pure Trust, as nominee, transferee or alter ego of Neil Alan Scott". Neil Alan Scott died on April 10, 2013. On September 6, 2013, Russell Merton Hall and Amy Hedwig Hall (collectively, the "Halls"), trustees of the Hall Family Trust Dated June 8, 2001 bought the property from the A & F Family Pure Trust for $1.4 million. For purposes of this sale, Michael Alan Scott, Neil Alan Scott's son represented himself as managing trustee of the A & F Family Pure Trust. Michael Alan Scott never presented documents showing that he had been validly appointed as trustee. The Hall Family Trust now owns the property.

Neil Alan Scott was a tax protester who purchased a "pure trust" from Gregory Karl. Karl was later convicted in federal court of selling "pure trusts" that purported to shield income from federal income tax. The A & F Family Pure Trust was Neil Alan Scott's nominee, *i.e.*, the trust held legal title for his benefit.

**Judicial Notice**

The Defendants who filed the two motions raise the same argument, and cite the same case in support of that argument. They also ask the Court to take notice, under Fed. R. Evid. 201, of certain documents, including a grant dated October 15, 1999 transferring the property to the A & F Family Pure Trust; a grant deed dated September 6, 2013 transferring the property from Michael Alan Scott, "successor trustee of the A & F Family Pure Trust" to the Halls; and two NFTLs.[1] The United States also asked the Court to take notice of a different version of the grant deed from A & F Family Pure Trust to the Halls.[2]

---

[1] Both the grant deeds bear a stamp from the San Diego County recorder's office; the dates by which this order identifies them are the recordation dates.

[2] An email between counsel is also attached as an exhibit, but the government has not asked the Court to take notice of it.

The government has not opposed the moving Defendants' requests for notice, except that it argues the September 6, 2013 grant deed may have been altered after it was signed and notarized. The fact that this grant deed was recorded is not disputed, however. The moving Defendants' request for notice is **GRANTED**.

The moving Defendants object to the government's request. The government does not suggest that the alternate grant deed it proffers is a public record. The declaration in support of the request for notice shows that this document was produced to the IRS by the escrow company that handled transfer of the property. The government offers this document to show that the recorded grant deed was altered. The government points out that its grant deed and the deed recorded September 6, 2013 are identical, except that in the recorded deed the typewritten name of the grantor, A & F Family Pure Trust, has been erased or covered up and in its place "Michael Alan Scott, successor trustee of the A & F Family Pure Trust" has been handwritten.

Without more, an unrecorded grant deed is not the subject of judicial notice, and the government's request is **DENIED**. That being said, this document can properly be considered for certain collateral purposes.

The moving Defendants have asked the Court to dismiss the complaint with prejudice. While the unrecorded grant deed does not form part of the complaint, and is therefore not considered when determining whether the complaint states a claim, the grant deed is evidence of facts the government could allege if given the opportunity. The government, of course, could simply have alleged the facts it included in its request for notice and attached the unrecorded deed as an exhibit. The deed, along with the declaration supporting it can be considered when determining whether dismissal with prejudice is appropriate.

Furthermore, the complaint alleges that the "A & F Family Pure Trust" transferred the property to the Halls. (Complaint, ¶ 32.) The proffered grant deed could have been attached as an exhibit to the complaint supporting this allegation. When ruling on a Rule 12(b)(6) motion to dismiss, the Court is not required to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . ." *Sprewell v. Golden State*

*Warriors*, 266 F.3d 979, 988 (9th Cir.) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). Here, the recorded deed contradicts the complaint's allegations; but the allegations are supported by an exhibit.[3] The exhibit is offered, in part, to show that Michael Alan Scott treated the trust as the owner, and altered the deed after notarization. It is also being offered to show the government's good faith in alleging that the A & F Family Pure Trust, through its trustees, engaged in tax-evasion strategies. And in any event, this motion would be decided the same way even without considering the unrecorded deed.

**Motions to Dismiss**

The moving Defendants argue that the NFTLs are invalid, because "A & F Family Pure Trust, as nominee, transferee or alter ego of Neil Alan Scott" is not a legal entity. In support of this, they rely on *Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 522 (Cal. App. 2 Dist. 2010). They also argue that because a trust is not a legal entity, the Hall Family Trust is not a proper Defendant in this action.

The cited section of the *Greenspan* decision explains that there is a distinction between a trust and a trustee. The trust is not a legal person that can own property, enter into contracts, sue, or be sued; rather, it is the trustee who must do those things. *Id*. Therefore, *Greenspan* concludes, the alter ego doctrine has no application with regard to a trust. But it does have application with regard to a trustee; a trustee could be the alter ego of another defendant.

The purpose of a notice of tax lien is to give constructive notice to interested parties. *United States v. Sirico*, 247 F. Supp. 421, 422 (S.D.N.Y. 1965). The sufficiency of the notice is governed by federal, not state law. *Id*. The notice need not give the property owner's name accurately, as long as there is "substantial compliance sufficient to give constructive notice and to alert one of the government's claim." *Id*.

The grant deed dated October 15, 1999 purports to transfer the property from Robert J. Selmo, trustee of a revocable trust, to "A & F Family Pure Trust, Att'n: Neil Alan: Scott

---

[3] Presently the unrecorded grant deed is only an exhibit to the government's opposition; but it could have been attached as an exhibit to the complaint, and could be attached as an exhibit to an amended complaint.

(Ph.D., D.D.), Managing Trustee" (sic).  (Docket no. 20-2 at 5.)  In other words, the transferee and new title holder is identified as the trust itself. Neil Alan Scott is mentioned, but only secondarily.  And although the Court is not considering the unrecorded grant deed directly, it too identifies the owner and transferor as "A & F Family Pure Trust."  Anyone looking through property records would see the new owner identified in this way. Even if it is literally true that only a trustee, not a trust, could own the property, the grant deed's identification of the trust as owner is not the government's fault.

Gregory Karl sold "pure trusts" to Neil Alan Scott and others for purposes of improperly attempting to shield assets from tax liability.  This, along with other allegations, reasonably suggests that Neil Alan Scott may have nominated the trust as the property's owner in order to put it beyond the government's reach and make it unavailable to satisfy tax liabilities.  In other words, if the grant deeds were inaccurate or ambiguous, the Court can reasonably infer from the complaint's allegations that the inaccuracy or ambiguity was intentionally inserted. The government's claim does not fail merely because it accepted what the deed said.

The moving Defendants contend that the recording the NFTLs as drafted and filed did not amount to constructive notice.  But the government cites federal authority for the principle that state laws do not govern the validity of liens. "If the IRS fills out the proper form and files it in the correct location, the lien is 'valid notwithstanding any other provision of law regarding the form or content of a notice of lien.'" *TKB Int'l, Inc.* v. United States, 995 F.2d 1460, 1465 (9th Cir. 1993) (quoting 26 U.S.C. § 6323(f)(3)).  To find tax liens, subsequent purchasers have a duty to look beyond the index, but must make a reasonable inquiry. *Id*.

There is no evidence before the Court of what a reasonable title search would have uncovered, but the documents of which the Court has taken notice disclose some unusual facts that would have, at the very least, put a searcher on inquiry notice.  First, the chain of title does not look entirely correct. The transferee in the 1999 deed and the transferor in the 2013 deed are not identified in the same way. Neither party suggests that an intervening document explains the difference.  Apparently no substitution of trustee was recorded, and

1  the Complaint alleges Michael Alan Scott has not identified the person or persons who
2  appointed him as the A & F Family Pure Trust's new managing trustee. (Complaint, ¶ 38.)
3        Second, even accepting *arguendo* that a trust cannot be named as record owner, the
4  fact is that the trust *was* named as transferee in the 1999 deed. A person doing a title search
5  would reasonably want to know about any later-recorded documents that also designated
6  the trust as owner. The NFTLs were recorded in 2008 and identified the trust as owner, so
7  it appears someone doing a title search should have uncovered them. And in any event, it
8  appears that someone doing a title search would have had to look for the trust's name,
9  because no recorded document would have told them to look for Michael Alan Scott as next
10 in the chain of title. If, as the moving Defendants contend, property records should have
11 identified Neil Alan Scott as the owner of record (Docket no. 25 at 18–19), then the 2013
12 deed suffers from the same fault; it does not name Neil Alan Scott as transferor either. If a
13 title search were focused solely on Neil Alan Scott's name, as these Defendants seem to
14 suggest, then the chain of title would have ended with the 1999 grant deed, which is the last
15 recorded document mentioning him in connection with the property.
16       The complaint's allegations, accepted as true, show compliance with § 6323(f)(3),
17 such that a reasonable inquiry would have disclosed the NFTLs to a subsequent purchaser.
18       The moving Defendants' reply briefs appear to raise new arguments regarding
19 whether they can be made parties to this action. They argue that, as third parties who are
20 not liable for the tax judgment, they cannot be made Defendants in this action. Even if they
21 had raised this argument in their opening brief, it would be denied. Defendants are parties
22 whose ownership interest in the subject property would be threatened or diminished if the
23 government's claims succeed and the tax liens are foreclosed. The fact that they are
24 opposing foreclosure of the liens attests to this. They also raise other arguments for the first
25 time in their reply brief. Even if these were not waived, they do not appear to have any merit.
26       Finally, in an aside, the reply brief suggests that the government's counsel should not
27 have been admitted to practice before this Court and should not be allowed to represent the
28 government, because he is not admitted to practice law in California. (Docket no. 25 at 9

n.4.) This is an improper argument; if they had any reason to believe he was not proper counsel, they should have raised the issue in a motion to disqualify, or some other proper way. They should not raise the issue in a reply brief, to which he has no opportunity to reply. And in any event, they are wrong. The government's counsel is an attorney employed by the U.S. Department of Justice and as such is exempt from such requirements. *See* Civil Local Rule 83.3(c)(3).

**Conclusion and Order**

Accepting all allegations of material fact in the complaint as true and construing them in the light most favorable to the non-moving party, *see Cedars–Sinai Medical Center*, 497 F.3d at 975, the Court finds that the complaint states a claim against the moving Defendants. The motions to dismiss are **DENIED**.

**IT IS SO ORDERED**.

DATED: March 27, 2017

*[signature: Larry A. Burns]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge