UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States of America, Plaintiff, v. The Hall Family Trust Dated June 8, 2001, et al., Defendants. | Case No.: 16-cv-0538-AJB-BGS<br><br>**ORDER:**<br>**GRANTING MOTION TO FILE A THIRD-PARTY COMPLAINT (Doc. No. 83), and**<br><br>**GRANTING MOTION TO FILE FIRST AMENDED CROSS-CLAIM (Doc. No. 98).** |
|---|---|

Before the Court are two motions, both of which would effectively re-start the case's clock. First, the Scott defendants (defined below) seek leave to file a third-party complaint against non-party Lawyers Title, and its parent company Fidelity National Financial, Inc. (Doc. No. 83.) Second, the Halls request leave to file a first amended cross-claim. (Doc. No. 98.) For the reasons discussed herein, the Court **GRANTS** both motions.

## I. BACKGROUND

Defendants Michael Alan Scott (as Managing Trustee of the A & F Family Pure Trust and as de facto Personal Representative of the Estate of Neil Alan Scott), A & F Family Pure Trust, Estate of Neil Alan Scott, Frances V. Scott (in her Individual Capacity and as a de facto Personal Representative of the Estate of Neil Alan Scott), and Estate of Frances V. Scott (collectively, the "Scott Defendants") seek leave to file a third-party

complaint against non-party Lawyers Title, and its parent company Fidelity National Financial, Inc. (collectively, "Fidelity"). (Doc. No. 83.)

Defendants and Cross-Complainants The Hall Family Trust Dated June 8, 2001, Russell Merton Hall, Amy Hedwig Hall, and Trustees of the Hall Family Trust Dated June 8, 2001 (collectively, the "Halls") oppose the motion. (Doc. No. 95.)

In 1999, the A & F Family Pure Trust purchased the subject property in Solana Beach. (Doc. No. 95 at 2.) At that time, Neil Alan Scott was the managing trustee for the A & F Family Pure Trust. (*Id.*) Nine years later, in 2008, the IRS recorded a Notice of Federal Tax Liens "against Neil Alan Scott and related to his 2001-2003 income tax years" with the San Diego County Recorder. (*Id.*) A month later, the IRS recorded another Notice of Federal Tax Liens, which "was based upon taxes and other assessments made against Neil Alan Scott for the taxable years of 1999-2000." (*Id.*)

After Neil Alan Scott's death in 2013, Michael Alan Scott—successor Trustee of the A & F Family Pure Trust—sold the property to the Halls. (*Id.* at 3.) The Halls purchased a title insurance policy during the transaction. (*Id.*) Apparently, the Scott Defendants did not pay the liens from the proceeds of the sale, and consequently, the United States filed a complaint against the Halls, Union Bank, N.A., Unionbancal Mortgage Corporation, California Coast Credit Union, and the Scott Defendants. (*Id.*)

In May 2017, the Halls filed an answer and cross-claim against the Scott Defendants for failing to disclose the tax liens. (*Id.*) In June, the Scott Defendants filed an answer to the cross-claim. (*Id.*) That same month, the U.S. filed a summary judgment motion. (Doc. No. 54.) Subsequently, the U.S. settled all claims brought in that motion except the first claim. The case, while the summary judgment motion was still pending, was reassigned to this Court in October 2017. (Doc. No. 73.)

The Halls seek leave to amend to add Sally Cobb, a beneficiary of the A & F Pure Family Trust and both Estates. (Doc. No. 98 at 4.) The Halls also wish to add a claim based on unjust enrichment for recovery of funds the Scott Defendants received from their settlement with the U.S. (*Id.*) The Scott Defendants oppose the motion. (Doc. No. 100.)

## II. LEGAL STANDARDS

Federal Rule Civil Procedure 14 provides that "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "The decision whether to implead a third party defendant is within the sound discretion of the district court." *Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "[A] third-party claim may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and the third party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). Factors that courts look to determine whether to allow a third party complaint are "(1) prejudice to the original plaintiff; (2) complication of issues at trial; (3) likelihood of trial delay; and (4) timeliness of the motion to implead." *Irwin v. Mascott*, 94 F. Supp. 2d 1052, 1056 (N.D. Cal. 2000); *see also Zero Tolerance Entm't, Inc. v. Ferguson*, 254 F.R.D. 123, 127 (C.D. Cal. 2008).

Rule 15(a) of the Federal Rules governs leave to amend prior to trial. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

## III. DISCUSSION

The Court will briefly address the Rule 14 and Rule 15 factors, which the Court finds favor **GRANTING** both motions.

3

*1. Prejudice to the Parties*

Paradoxically, because both parties will be prejudiced by this Court's order, neither will be actually prejudiced. Each motion raises new arguments, claims, parties, and issues for both the Halls and the Scott Defendants. The original plaintiff, the U.S., however, will not be prejudiced as they still have one claim pending on summary judgment. The Halls may amend their cross-claim as they see fit, and the Scotts may plead in the rightful defendants. The Rules strongly prefer the Court freely grant leave to amend in the absence of prejudice, and here the Court finds none.

*2. Delay of Trial*

Both parties request leave to file a motion which would cause the case's time clock to re-start, ultimately delaying trial. Granting the Halls' motion to amend to add Cobb would not only give her the opportunity to file dismissal motions, causing delay, but would also require discovery to be re-opened. Adding the unjust enrichment claim would allow the Scott Defendants to file a dismissal motion to preclude said claim, require an amended answer, and would compel at least some limited discovery on the new claim. Likewise, granting the Scott Defendants' motion to file a third-party complaint would allow Fidelity to file dismissal motions, require an answer, and necessitate discovery. While a delay of trial is inevitable at this point, the Court finds it is necessary.

*3. Bad Faith and Timeliness of Motions*

The Court also finds there is good cause to bring both motions. With regards to the motion to file a third-party complaint, the Scott Defendants argue Fidelity is the responsible party and should ultimately pay the Halls any damages they are owed. The Court finds three months is a reasonable amount of time to bring this motion. With regards to the motion to amend, the Halls stated they only recently discovered Cobb as a beneficiary through discovery. Moreover, the U.S.'s settlement with the Scott Defendants—resulting in the alleged unjust enrichment—only recently occurred. The Court finds that neither party acted with bad faith or undue delay.

*4. Other*

Furthermore, the Scott Defendants argue that using Rule 14 to bring Fidelity in would increase judicial efficiency as the two actions would be tried together rather than separate. With regards to the futility and prior amendment factors under Rule 15, the Court finds the Halls' amendment would not be futile and that the lack of previous amendments both weigh in favor of allowing the amendment.

## IV. CONCLUSION

The Court finds it is in the best interests of justice to **GRANT** both the Scott Defendants' motion to file a third-party complaint against Fidelity, (Doc. No. 83), and the Halls' motion to file the first amended cross-claim, (Doc. No. 98). Both new pleadings must be filed by **December 29, 2017**. The **January 22, 2018** MSC is converted to a telephonic, attorneys-only status conference with Judge Skomal. The rest of the scheduling order dates are hereby vacated and will be re-set at a later time.

**IT IS SO ORDERED.**

Dated: December 14, 2017

Hon. Anthony J. Battaglia
United States District Judge