UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| United States of America,<br><br>                            Plaintiff,<br><br>v.<br><br>The Hall Family Trust Dated June 8, 2001, et al.,<br><br>                            Defendants. | Case No.: 16-cv-0538-AJB-BGS<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT (Doc. No. 54.)** |
|---|---|

Before the Court is plaintiff's motion for summary judgment, to reduce to judgment certain tax assessments against the Scott Defendants (defined below). The Court must determine, viewing the evidence in the light most favorable to the Scott Defendants, whether there are any genuine issues of material fact precluding summary judgment. For the reasons discussed herein, the Court **GRANTS** the motion.

**I. BACKGROUND**

The United States seeks, via summary judgment motion, to reduce to judgment the income tax and related assessments made against Neil Alan Scott for his 1999, 2000, 2001, and 2002 income tax years. (Doc. No. 54-1 at 2.)

Michael Alan Scott (as Managing Trustee of the A & F Family Pure Trust and as de facto Personal Representative of the Estate of Neil Alan Scott), A & F Family Pure Trust,

Estate of Neil Alan Scott, Frances V. Scott (in her Individual Capacity and as de facto Personal Representative of Neil Alan Scott), and Estate of Frances V. Scott (collectively, the "Scott Defendants") oppose the motion. (Doc. No. 70.)

From 2006 to 2008, the IRS assessed tax liabilities and interest against Neil Alan Scott for tax years 1999 through 2002. (Doc. Nos. 54-4, 54-5, 54-6, 54-7.) These and other liabilities were adjudicated in favor of the Internal Revenue Service in *Neil Alan Scott v. Commissioner*, tax court case number 14825-06. (Doc. No. 54-8.)

The amounts assessed by the tax courts are detailed as follows:

| Tax Year | Assessed Deficient Income Tax | § 6651(a)(2) Failure to Pay Penalties | § 6651(f) Failure to Pay Penalties |
|---|---|---|---|
| 1999 | $1,204,608.00 | $301,152.00 | $873,340.80 |
| 2000 | $176,256.00 | $44,064.00 | $127,785.60 |
| 2001 | $2,402,332.00 | $576,559.68 | $1,741,690.70 |
| 2002 | $131,517.00 | $26,282.52 | $95,349.83 |

(Doc. No. 54-8.) Scott failed to pay these obligations at the time, which amounted to over $7 million. Scott passed away in 2013. (Doc. No. 102 at 2.)

The United States brought this action against the Scott Defendants to reduce to judgment Scott's unpaid income tax assessments, including a civil penalty, among other claims. (Doc. No. 34.) The United States moved for summary judgment on the first, second, and fourth claims in the amended complaint, (Doc. No. 54-1 at 2), and after a settlement agreement, only the first claim remains to be litigated, (Doc. No. 97). Regarding the United States' first claim, it seeks a judgment against the Estate of Neil Alan Scott in the amount of $7,172,194.66, plus interest. (Doc. No. 54-1 at 11.)

## II. LEGAL STANDARDS

Summary judgment is appropriate if the moving party demonstrates the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(e). A fact is material when,

2

under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.*

A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Thus, where the movant will have the burden of proof on an issue at trial, it must "affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). With respect to an issue as to which the non-moving party will have the burden of proof, the movant "can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.*

Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Celotex Corp.*, 477 U.S. at 330. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

When a motion for summary judgment is properly made and supported, the non-movant cannot defeat the motion by resting upon the allegations or denials of its own pleading, rather the "non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Soremekun*, 509 F.3d at 984 (quoting *Anderson*, 477 U.S. at 250). The non-moving party's "bald assertions

or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009).

## III. DISCUSSION

Here, the United States argues that dismissal is appropriate because there is no genuine issue of material fact regarding Scott's income tax assessments since the tax court previously adjudicated the matter. (Doc. No. 54-1 at 9–10.) Scott Defendants contend that dismissal is inappropriate in light of their equitable recoupment defense. (Doc. No. 70 at 5–6.)

### A. UNITED STATES MET ITS BURDEN OF ESTABLISHING TAX ASSESSMENT

In an action to collect taxes, the United States bears the initial burden of proof. *Palmer v. United States I.R.S.*, 116 F.3d 1309, 1312 (9th Cir. 1997); *United States v. Stonehill*, 702 F.2d 1288, 1293 (9th Cir. 1983). In meeting that burden, "the Commissioner's deficiency determinations and assessments for unpaid taxes are normally entitled to a presumption of correctness so long as they are supported by a minimal factual foundation." *Palmer*, 116 F.3d at 1312; *see also Stonehill*, 702 F.2d at 1293 (reasoning that the United States can usually carry its initial burden "merely by introducing its assessment of tax due."). Certificates of Assessments and Payments ("Form 4340s") are highly probative and can establish that "tax assessment was properly made and notice and demand for payment were sent." *United States v. Vacante*, 717 F. Supp. 2d 992, 1004 (E.D. Cal. 2010); *see Huff v. United States*, 10 F.3d 1440, 1445 (9th Cir. 1993) ("IRS Form 4340 provides at least presumptive evidence that a tax has been validly assessed."); *Hughes v. United States*, 953 F.2d 531, 535 (9th Cir. 1992).

Further, "[o]n its face, the Tax Court judgment establishes the amount of tax owed." *Baker v. I.R.S. (In re Baker)*, 74 F.3d 906, 909 (9th Cir. 1996). "[A]n assessment of the amount owed 'presupposes the legality of that assessment.'" *Id.* (quoting *I.R.S. v. Teal (Matter of Teal)*, 16 F.3d 619, 621 (5th Cir. 1994)).

Here, the United States asserts that the minimum factual foundation is provided by

the Form 4340s attached to the Declaration of Charles Duffy, (Doc. Nos. 54-4, 54-5, 54-6, 54-7), in support of the motion for summary judgment. (Doc. No. 54-1 at 9.) The Court agrees. The minimum factual foundation was also sufficiently provided by the tax court decision in *Neil Alan Scott v. Commissioner*, tax court case number 14825-06, regarding the same tax years. (Doc. No. 54-8.)

Here, the United States also asserts that the tax court judgment precludes this Court from re-litigating the case at bar, under the doctrine of *res judicata*. (Doc. No. 54-1 at 9.) Under res judicata, "a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action." *In re Baker*, 74 F.3d at 910 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). For example, "once a taxpayer's liability for a particular year is litigated, 'a judgment on the merits is res judicata as to any subsequent proceeding involving the same claim and the same tax year.'" *In re Baker*, 74 F.3d at 910 (quoting *Comm'r v. Sunnen*, 333 U.S. 591, 598 (1948)). The tax court order was dated November 27, 2007, and the decision was dated February 7, 2008. (Doc. No. 54-8.) As discussed below, the Scott Defendants assert an affirmative defense regarding events that occurred from April 2005 through September 26, 2006. (Doc. No. 70 at 3–5.) Though these events occurred before the tax court's order and decision, when the facts are viewed in a light favorable to the Scott Defendants, here, res judicata does not bar the Scott Defendants' claims that were not and could not have been raised in the previous action. *See In re Baker*, 74 F.3d at 910 (precluding issues that "were or could have been raised in that action.").

Since the minimum factual foundation has been laid, this presumption of correctness thus shifts the burden of proof to the taxpayer to show that the determination is incorrect. *Palmer*, 116 F.3d at 1312. For example, the burden of proof is shifted back to the United States upon a "showing by the taxpayer that a determination is arbitrary, excessive or without foundation." *Id.* (citing *Helvering v. Taylor*, 293 U.S. 507, 515–16 (1935)); *see, e.g.*, *Neilson v. United States (In re Olshan)*, 356 F.3d 1078, 1084 (9th Cir. 2004). When a taxpayer has overcome the presumption of correctness by "competent and relevant

5

16-cv-0538-AJB-BGS

evidence, the presumption disappears and drops out of the case [and] the burden of proving the deficiency reverts to the government." *Keogh v. Comm'r*, 713 F.2d 496, 501 (9th Cir. 1983); *see, e.g.*, *In re Olshan*, 356 F.3d at 1084.

In the present case, the Form 4340s submitted by the United States carry a presumption of correctness and support the United States' motion. Thus, the burden shifts to the Scott Defendants to show that an affirmative defense bars collection, or that the assessments are incorrect. The Scott Defendants solely make arguments of the former, and the Court will address them in turn.

**B. AFFIRMATIVE DEFENSE MAY BE RAISED FOR THE FIRST TIME IN RESPONSE TO SUMMARY JUDGMENT MOTION**

In their opposition to the United States' motion for summary judgment, the Scott Defendants asserted equitable recoupment. (Doc. No. 70 at 5–6.) The Ninth Circuit has recognized equitable recoupment as an affirmative defense. *See, e.g.*, *Estate of Branson v. Comm'r of Internal Revenue*, 264 F.3d 904, 919 (9th Cir. 2001) (referring to equitable recoupment as an affirmative defense); *Parker v. United States*, 110 F.3d 678, 680 (9th Cir. 1997) (same).

The United States asserts that it is improper for the Scott Defendants to assert equitable recoupment because they did not raise it in their answer to the amended complaint. (Doc. No. 71 at 10.) However, "[a]s long as the plaintiff is not prejudiced, affirmative defenses that were not pleaded in an answer may be raised for the first time on summary judgment." *McGinest v. GTE Serv. Corp.*, 247 F. App'x 72, 75 (9th Cir. 2007); *see, e.g.*, *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993). Therefore, the Scott Defendants' affirmative defense of equitable recoupment was not waived if the United States was not unfairly surprised or prejudiced. *See Magana v. Northern Mariana Islands*, 107 F.3d 1436, 1448 (9th Cir. 1997) ("We have liberalized the requirement that defendants must raise affirmative defenses in their initial pleadings [and now,] defendants may raise an affirmative defense for the first time in a motion for summary judgment only if the delay does not prejudice the plaintiff."); *Rivera v. Anaya*, 726 F.2d 564, 566 (9th Cir. 1984)

(same); *see also Lowerison v. Cty. of San Diego*, 26 F. App'x 720, 722 (9th Cir. 2002) (same).

In its motion for summary judgment, the United States notes that "[a]n argument that the Scott Estate has indicated that it might raise regarding taxes has to do with its apparent belief that $4,085,848.52 [should be equitably recouped]." (Doc. No. 54-1 at 10.) Thus, the United States was not surprised by the asserted affirmative defense; also, it did not allege prejudice. Therefore, the Court will consider Scott Defendants' affirmative defense.

## C. EQUITABLE RECOUPMENT DOES NOT APPLY HERE

Scott Defendants state that $10,214,771.91 was seized from Scott by the U.S. Treasury Executive Office for Asset Forfeiture ("TEOAF") during an investigation of an investment fraud scheme, initiated by U.S. Immigration and Customs Enforcement and Arizona Department of Public Safety ("AzDPS"). (Doc. No. 70 at 4.) Scott Defendants state that $4,085,858.52 ("the funds") was paid to AzDPS and the rest was paid to the IRS. (Id.) They contend that equitable recoupment applies in this case, to prevent the government from receiving a windfall. (*Id*. at 5.) Even when the facts are construed in the favor of the Scott Defendants, the Court finds that equitable recoupment is not applicable to this case.

Equitable recoupment is an appropriate affirmative defense when "the Government has taxed a single transaction, item, or taxable event under two inconsistent theories." *United States v. Dalm*, 494 U.S. 596, 605 n.5 (1990) (concluding that a single item could not be subject to both gift tax and income tax). Therefore, equitable recoupment "prevents unjust enrichment and works as a setoff when invoked by the taxpayer to recover taxes paid twice." *Parker*, 110 F.3d at 683; *Kolom v. United States*, 791 F.2d 762, 767–68 (9th Cir. 1986). However, this doctrine has a limited scope in tax litigation and "has never been thought to allow one transaction to be offset against another." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946).

This doctrine was first applied in *Bull v. United States*, where the Supreme Court

7

16-cv-0538-AJB-BGS

(same); *see also Lowerison v. Cty. of San Diego*, 26 F. App'x 720, 722 (9th Cir. 2002) (same).

In its motion for summary judgment, the United States notes that "[a]n argument that the Scott Estate has indicated that it might raise regarding taxes has to do with its apparent belief that $4,085,848.52 [should be equitably recouped]." (Doc. No. 54-1 at 10.) Thus, the United States was not surprised by the asserted affirmative defense; also, it did not allege prejudice. Therefore, the Court will consider Scott Defendants' affirmative defense.

## C. EQUITABLE RECOUPMENT DOES NOT APPLY HERE

Scott Defendants state that $10,214,771.91 was seized from Scott by the U.S. Treasury Executive Office for Asset Forfeiture ("TEOAF") during an investigation of an investment fraud scheme, initiated by U.S. Immigration and Customs Enforcement and Arizona Department of Public Safety ("AzDPS"). (Doc. No. 70 at 4.) Scott Defendants state that $4,085,858.52 ("the funds") was paid to AzDPS and the rest was paid to the IRS. (Id.) They contend that equitable recoupment applies in this case, to prevent the government from receiving a windfall. (*Id*. at 5.) Even when the facts are construed in the favor of the Scott Defendants, the Court finds that equitable recoupment is not applicable to this case.

Equitable recoupment is an appropriate affirmative defense when "the Government has taxed a single transaction, item, or taxable event under two inconsistent theories." *United States v. Dalm*, 494 U.S. 596, 605 n.5 (1990) (concluding that a single item could not be subject to both gift tax and income tax). Therefore, equitable recoupment "prevents unjust enrichment and works as a setoff when invoked by the taxpayer to recover taxes paid twice." *Parker*, 110 F.3d at 683; *Kolom v. United States*, 791 F.2d 762, 767–68 (9th Cir. 1986). However, this doctrine has a limited scope in tax litigation and "has never been thought to allow one transaction to be offset against another." *Rothensies v. Electric Storage Battery Co.*, 329 U.S. 296, 299 (1946).

This doctrine was first applied in *Bull v. United States*, where the Supreme Court

allowed a taxpayer to assert a time-barred estate tax refund claim as a defense to an income tax deficiency claim. 295 U.S. 247, 251–52, 261–62 (1935). There, a "single transaction or taxable event had been subjected to two taxes on inconsistent legal theories, and what was mistakenly paid was recouped against what was correctly due." *Rothensies*, 329 U.S. 296, 300 (1946) (summarizing *Bull* to provide rationale for barring an equitable recoupment claim where one transaction was sought to offset another). In *Rothensies*, equitable recoupment did not apply because the refund of excise taxes and sought after refund of income taxes did not arise from a single taxable event; and if equitable recoupment was permitted under those facts, the court feared that "[e]very assessment of deficiency and each claim for refund would invite a search of the taxpayer's entire tax history for items to recoup." *Id*. at 300; *see also Dalm*, 494 U.S. at 605 n.5; *Estate of Branson*, 264 F.3d at 909 (discussing the single transaction test).

Thus, for equitable recoupment to apply, (1) a single transaction must constitute the taxable event, (2) which must be subject to two taxes based on inconsistent legal theories, and (3) the amount claimed in recoupment must be barred by the statute of limitations. *Parker*, 110 F.3d at 683; *Estate of Harrah v. United States*, 77 F.3d 1122, 1125 n.6 (9th Cir. 1995); *Kolom*, 791 F.2d at 767. Courts have also included additional requirements that (4) the duplicative taxes must be paid by the same party, and that (5) the court has adequate jurisdiction. *See Estate of Branson*, 264 F.3d at 910.

### 1. *Scott Defendants Failed to Prove the First and Second Elements of Equitable Recoupment*

Here, Scott Defendants assert that the funds were seized by way of a fraud investigation, and that Scott forfeited said funds. (Doc. No. 70 at 4.) Nowhere in their opposition do Scott Defendants claim that the forfeiture (or seizure) to TEOAF, which was later distributed to AzDPS, was a tax. Therefore, here, nothing was subjected to two taxes.

Further, even if the funds were considered a tax, it would not pass the single transaction test. The funds were seized from AmLaw Pure Trust, of which Scott was the trustee, (Doc. No. 70 at 4), while, here, the United States is seeking to reduce Scott's

income taxes to judgment, (Doc. No. 54-1). Scott Defendants make no argument that the AmLaw Pure Trust represented that income tax money or that TEOAF was seizing income taxes; therefore, there is no single transaction. The funds and the delinquent income taxes sought are wholly separate. Adhering to *Rothensies*, Scott Defendants cannot use one transaction to offset another.

Here, whether Scott Defendants met the remaining criteria is immaterial, since they failed to prove the imperative first two elements. However, for completeness, the Court will address each.

### 2. *The Third, Fourth, and Fifth Elements of Equitable Recoupment*

Scott Defendants meet the third and fifth elements, and may raise a triable issue of material fact as to the fourth. As to the third element requiring the claim be time-barred, the statute of limitations for obtaining a refund for overpaid income taxes is six years. *See generally Estate of Branson*, 264 F.3d at 908. The funds were seized from Scott in 2003 and the equitable recoupment defense was asserted in 2017. (Doc. No. 70.) Thus, according to the six year statute of limitations, the Scott Defendants' defense would have been time barred in 2009. As to the fifth element requiring independent jurisdiction, it is the district courts, not tax courts, which have the jurisdiction to consider equitable recoupment. *Rothensies*, 329 U.S. at 303; *Comm'r v. Gooch Milling & Elevator Co.*, 320 U.S. 418, 419 (1943). Thus, jurisdiction is proper.

Scott Defendants could raise a triable issue of material fact on the fourth element requiring an identity of interest between the parties paying the duplicative tax. Though the AmLaw Pure Trust and Scott do not share the same identity, and seizing money from a trust is different than collecting income tax, Scott defendants could argue that Scott, as trustee of AmLaw Pure Trust, (Doc. No. 70 at 4), has an identity of interest. However, this argument would only succeed if the seizure had been a tax, which it was not.

### 3. *Even if Equitable Recoupment Applied Here, the IRS Did Not Have Dominion and Control of Funds*

A tax is considered "paid" when the IRS has actually collected on the accounts. *See Stead v. United States*, 419 F.3d 944, 948 (9th Cir. 2005); *Cash v. United States*, 961 F.2d 562, 569 (5th Cir. 1992). The IRS does not take title to levied property or funds until it "reaps the proceeds of a tax sale" or "collects on the property." *Stead*, 419 F.3d at 948. In *Stead*, a case in which taxpayers alleged that they had double-paid their 1994 income tax liability, summary judgment was granted in favor of the IRS because the taxpayers could not prove that the money debited from their bank account by the IRS was remitted by the IRS. *Id*. at 945–46 (concluding that the risk of loss falls on the taxpayer, even when both parties are, to a degree, at fault). In *Stead*, and in the case at bar, "if we were to hold for the taxpayers in this case, it would permit a taxpayer to establish that he or she had paid a tax even though the government had never collected the tax money owed to it." *Id*. at 948 n.4. Here, the Scott Defendants do not argue, and present no evidence, that the IRS had dominion or control over the funds forfeited to TEOAF and later AzDPS. Without such evidence that the IRS reaped the benefit of the forfeiture, there is no genuine issue of material fact.[1]

## IV. CONCLUSION

Since Scott Defendants did not prove genuine issues of material fact regarding the single transaction nor duplicate tax requirements of proving equitable recoupment, their affirmative defense fails. Also, Scott Defendants did not prove that the IRS had dominion

---

[1] Further, there is no constitutional issue at play. A "seizure to enforce payment of a tax would violate the Fifth Amendment to the United States Constitution unless the taxpayer were actually given credit against his tax liability for the property so seized." *United States v. Pitman*, 449 F.2d 623, 626 (7th Cir. 1971). However, here, Scott Defendants claim that the funds seized from Scott as trustee of AmLaw Pure Trust was a result of "an investigation of an investment fraud scheme." (Doc. No. 70.) Therefore, here, the Scott Defendants provide no proof that the IRS seized the funds. Thus, no credit is constitutionally necessary.

and control of the seized funds. For the aforementioned reasons, the Court **GRANTS** the United States' motion for summary judgment. Accordingly, the Court enters judgment against the Scott Defendants in the amount of $7,172,194.66 as of June 15, 2017, on the assessments made against him for the tax years 1999, 2000, 2001, and 2002, plus interest and other additions as provided by law thereafter.

**IT IS SO ORDERED.**

Dated: January 30, 2018

Hon. Anthony J. Battaglia
United States District Judge