| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |
| United States of America,<br><br>          Plaintiff,<br><br>v.<br><br>The Hall Family Trust Dated June 8, 2001, et al.,<br><br>          Defendants. | Case No.: 16-cv-0538-AJB-BGS<br><br>**ORDER GRANTING CROSS-DEFENDANT SALLY DAWN COBB'S SUMMARY JUDGMENT MOTION**<br>**(Doc. No. 141)** |

Before the Court is Cross-Defendant Sally Dawn Cobb's summary judgment motion on the first amended cross-complaint. (Doc. No. 141.) The Court previously granted the Hall Family Trust defendants leave to amend their cross-complaint to add Cobb as a defendant. (Doc. No. 102 at 2.) She now wishes to extradite herself from litigation. Because the Halls have not shown evidence Cobb had privity of contract, a duty, or knowledge of any misrepresentations, the Court agrees with her and **GRANTS** her summary judgment motion. (Doc. No. 141.)

## I.  BACKGROUND

At its essence, this complicated case is about which party is liable for tax liens owed to the IRS. After a property in Solana Beach, California was purchased, the IRS recorded tax liens against it. Eventually, the property was sold, however the buyers allege the sellers failed to pay the liens from the proceeds of the sale. Due to the unpaid lax liens, the United States filed a complaint against the banks, the mortgage company, the buyers, and the

sellers. After the United States filed the complaint in this matter, the buyers filed a cross-complaint against the sellers for failing to disclose the tax liens to them.

The A & F Family Pure Trust (the sellers in this story) purchased the Solana Beach Property in 1999. (Doc. No. 146 at 3.) Neil Alan Scott was the managing trustee for the A & F Family Pure Trust at that time. (*Id.*) Neil's children—Michael Alan Scott and Sally Dawn Cobb—and his late wife's estate—the Estate of Frances V. Scott—are all named defendants in the cross-complaint. (*Id.*) When Neil died in 2013, Michael became the successor Trustee of the A & F Pure Family Trust. (*Id.* at 5.) The cross-defendants include the A & F Pure Family Trust, Michael Alan Scott, and the Estates of Frances and Neil—hereinafter referred to as "the Scott Defendants." Cobb was later added as a cross-defendant.

The cross-plaintiffs—the Hall Family Trust dated June 8, 2001, and Russell Merton Hall and Amy Hedwig Hall as trustees (the buyers in this story, hereinafter referred to as "the Halls"), purchased the property in 2013. (Doc. No. 146 at 5.) The Halls allege that the A & F trust was created to "avoid the payment of federal taxes." (*Id.* at 4.) The IRS recorded two tax liens against the A & F trust as the nominee/alter-ego of Neil with the San Diego County Recorder's office on June 11, 2008, and August 11, 2008, respectively. (*Id.* at 5.) The Halls allege the tax liens did not appear on the property's title report and thus were not paid from the proceeds of the sale, which were distributed to the Scott Defendants. (*Id.*)

This Court granted the United States' summary judgment motion on its first claim for relief and entered a $7,172,194.66 judgment for the United States. (Doc. No. 116.) A settlement reached between the United States, Union Bank, California Coastal Credit Union, and the Halls dismissed the second, third, fourth, and fifth counts of the United States' amended complaint. (Doc. No. 97.)

Cross-Defendant Cobb filed this motion for summary judgment in response to the Hall Family Trust amending its cross-complaint ("FACC") which added allegations against Cobb. (Doc. No. 103 ¶¶ 5, 42, 57, 70.) The Hall Family Trust alleges that Michael and Cobb "knew, or should have known, that, among other things, the Tax Liens had been

2

16-cv-0538-AJB-BGS

recorded against the Property; the tax assessments; Neil Alan Scott's views regarding taxes and his history of failure and refusal to pay federal income taxes; the Tax Case; and the 2002 Scott case." (Doc. No. 103 ¶ 42.)

## II. LEGAL STANDARDS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.* A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. If the moving party carries its initial burden, the burden of production shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Id.* at 330. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

Cobb seeks summary judgment, or partial summary adjudication, to the following causes of action: (1) breach of contract, (2) breach of implied covenant of good faith, (3) breach of covenant against encumbrances, (4) fraud, (5) fraudulent concealment or nondisclosure of material facts, (6) conspiracy, (7) negligent misrepresentation, (8) equitable indemnity, (9) contribution, (10) declaratory relief, and (11) restitution. Finally, she seeks attorney's fees if she prevails.

## A. Claims Grounded in Contract

Cobb alleges she was not a party to the contract and that the Halls "specifically admit, by the allegations in their FACC, that the real estate purchase contract was entered into between them and 'Cross-Defendant, Michael Alan Scott, Managing Trustee of the A&F Family Pure Trust to purchase the property. . . .'" (Doc. No. 141-5 at 12 (quoting the FACC ¶ 24).) Notably, Cobb's name is not mentioned as a party to this transaction. Cobb also submitted a declaration stating:

> I was not a party to that property sale transaction. I neither read nor signed any disclosure statements or escrow documents and made no representations or misrepresentations to THE HALLS, and certainly not about whether or not there were tax liens recorded against the Property.

(Cobb Decl. ¶ 6.)

The Halls claim Cobb was a party to the contract, however, because she was involved in the decision to sell the property. (Doc. No. 146-4 at 36; Doc. No. 146-6 at 29.) Conceding she was actively involved in the sale; Cobb asserts such action does not make her a party to the contract subject to a breach of contract claim or a duty to make specific representations. (Doc. No. 147 at 3.) She notes that all of the documents are signed by Michael and that Cobb made "no representations, signed no sale or escrow documents, and had no disclosure obligations." (*Id.*) Thus, she maintains she cannot be liable for any claims grounded in contract law.

The Court agrees with Cobb. There simply is no privity of contract. Many folks could theoretically be involved with the sale of a property but to hold that those parties then owe a legal duty to another would unduly expand contract law. The Halls have not disputed the evidence that Cobb provided to show she had an explicit or implied duty under a contract. The Halls, at the motion for summary judgment phase, have a duty to show a genuine issue of material fact that Cobb is in privity under the contract and simply have failed to carry that burden.

Thus, the Court **GRANTS** summary judgment on the following causes of action against Cobb, which sound in contract: (1) breach of contract (2) breach of implied

4

covenant of good faith; (3) breach of covenant against encumbrances; (4) fraud; (5) fraudulent concealment; and (6) negligent misrepresentation.

### B. Civil Conspiracy

"Under California law, there is no separate and distinct tort cause of action for civil conspiracy." *Entm't Research Grp., Inc. v. Genesis Creative Grp., Inc.*, 122 F.3d 1211, 1228 (9th Cir. 1997); *see Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510 (1994) ("Conspiracy is not a cause of action."). Rather, it is "a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration." *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510–11 (1994).

Cobb argues the conspiracy claim must be based on the tort claims, which is correct. *See Applied Equip. Corp.*, 7 Cal. 4th at 511 ("Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort."). Because Cobb is requesting her fraud and fraudulent concealment claims be dismissed through summary judgment, she then argues there is no basis for the conspiracy claim, and also requests it be dismissed under summary judgment. (Doc. No. 141-5 at 18.) As the Court just granted summary judgment on those claims, she is correct.

Moreover, Cobb asserts the Halls failed to satisfy the "weighty burden" necessary to prove civil conspiracy. *Choate v. County of Orange*, 86 Cal. App. 4th 312, 333 (2000) ("Because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it."). A plaintiff "must show that each member of the conspiracy acted in concert and came to a mutual understanding to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Id.*

The Halls respond arguing that the cross-defendants "formed this conspiracy to commit fraud as alleged in the claims for relief." (Doc. No. 146 at 15.) The Halls reassert that because Cobb was present at meetings involving the property's sale, she was involved in the conspiracy. (*Id.*) However, the Halls' response hardly demonstrates evidence satisfying the shifting burden showing a genuine issue of material fact exists. This is not

5

the pleading stage and mere allegations without more do not satisfy the burden. Cobb simply being involved with the sale is not enough to show she acted in concert with the other cross-defendants to further an unlawful plan. "The mere knowledge, acquiescence, or approval of the act, without co-operation or agreement to co-operate, is not enough." *Wetherton v. Growers Farm Labor Assn.*, 275 Cal. App. 2d 168, 176 (1969), disapproved on another ground by *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 869 P.2d 454 (1994)). Thus, the Court **GRANTS** summary judgment on the civil conspiracy claim.

### C. Equitable Indemnity and Contribution Claims

The Halls allege that they are "entitled to indemnification and contribution from the Scott Defendants, and each of them, regarding any amounts paid by the Halls for any such loss and attorney's fees and costs." (Doc. No. 17 ¶ 101.) The Halls allege they paid the settlement with the United States and thus are entitled to indemnification. "The purpose of equitable indemnity is to accomplish substantial justice by equalizing the common burden shared by joint tortfeasors, and to prevent one from profiting at the expense of others." *AmeriGas Propane, L.P. v. Landstar Ranger, Inc.*, 184 Cal. App. 4th 981, 989 (2010). "[O]ne person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay." *Id.* (quoting *Children's Hospital v. Sedgwick*, 45 Cal. App. 4th 1780, 1786 (1996)).

Cobb argues she and the Halls are not joint tortfeasors, thus the doctrine does not apply. (Doc. No. 141-5 at 22–23.) Cobb also states that the Halls' Title Company is "seeking to recover the amount that it paid under the Title Insurance Policy to settle with the United States of America in this case, by suing SALLY COBB, a non-party to the property sale." (*Id.* at 23.) Cobb argues "this payment only arose because of the Title Insurance company's own error in failing to find the tax lines when the title search was done. THE HALLS have suffered no loss; they have been compensated." (*Id.*) Cobb asserts "[i]t would be unfair and inequitable for THE HALLS' Title Insurance company to shift it's [sic] own loss onto SALLY COBB based on it's [sic] own fault." (*Id.*)

The Halls respond stating that "it would be equitable under the circumstances of this case in light of the fraud and non-disclosure of the tax liens by [] the Scott Defendants that had been recorded against the Property." (Doc. No. 146 at 19.) The Halls also include a section discussing how Title Insurance companies cannot be liable for negligence. (Doc. No. 146 at 20–21.) The Halls state "the Halls' Title Insurance Company does not owe any duties of care to Cobb or the other Cross-Defendants. Cobb cannot transfer their potential liability sought in the First Amended Cross-Claim." (*Id.* at 21.)

However, because the Court has granted summary judgment on all claims against Cobb, she is not an equal tortfeasor eligible for equitable indemnity. Moreover, as stated by Cobb, the Halls did not suffer a loss and have been compensated. (Doc. No. 141-5 at 23.) Thus, the Court **GRANTS** summary judgement as to these claims.

### D. Declaratory Relief

Cobb argues that the Halls' request for declaratory relief as to whether "the Scott Defendants, and each of them, are obligated to indemnify them for the amount paid to the U.S.A. in settlement" must fail for the same reasons the indemnity claim failed. (Doc. No. 141-5 at 24.) Moreover, Cobb argues, declaratory relief is inappropriate because it requests "redress for past wrongs," which is not the purpose of such relief. (*Id.*) Finally, Cobb asserts that an essential requirement of declaratory relief is a contract, of which there is none here. (*Id.* at 25.)

As noted in Cobb's reply, the Halls fail to rebut Cobb's argument here. At the summary judgment phase, the Halls were required to show that a genuine issue of material fact exists, and they have not met that burden. Further, Cobb was not a party to the contract and thus cannot be liable for any amounts paid to the United States. Thus, the Court **GRANTS** summary judgment on this issue.

### E. Restitution

Finally, Cobb moves for summary judgment on the Halls' claim for restitution, claiming that the Halls suffered no loss and Cobb conferred no benefit. (*Id.*) The Halls'

claim for restitution is built on their theory that Cobb and the Scott Defendants acted fraudulently and conspired to hide the tax liens.

In California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.' *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 108 (2010). However, unjust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit "through mistake, fraud, coercion, or request." 55 Cal. Jur. 3d Restitution § 2. The return of that benefit is the remedy "typically sought in a quasi-contract cause of action." *Id.*; *see Munoz v. MacMillan*, 195 Cal. App. 4th 648, 661 (2011) ("Common law principles of restitution require a party to return a benefit when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is 'quasi-contract.'"). When a plaintiff alleges unjust enrichment, a court may "construe the cause of action as a quasi-contract claim seeking restitution." *Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014).

The Halls allege that Cobb "was unjustly enriched when she 'borrowed' the funds from her mother from the proceeds of the sale of the Property to pay her own tax liens." (Doc. No. 146 at 17.) Here, Cobb has asserted in her declaration that she did not know about the tax liens, and further that the tax liens never showed up on the title insurance report. Based on this, the Court has already found that Cobb did not have prior knowledge of them or a duty to report them to the Halls. Thus, while the Halls assert that Cobb was unjustly enriched through the sale of the property, they have not provided enough competing evidence to show a genuine issue of material fact. While there was no fraud or correction involved here, there was a mistake—however, that mistake lies squarely on the title insurance company's shoulders for failing to catch the tax liens. Finding, then, that the title insurance company is not owed restitution for their payment to the United States in settlement, the Halls are not entitled to restitution either. The Court **GRANTS** summary judgment on this issue.

8

### F. Attorney's Fees

Cobb requests attorney's fees under California Civil Code § 1717. (Doc. No. 141-5 at 26–27.) However, § 1717 is predicated on a contract—which Cobb repeatedly asserts there was none. It states in part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a). Even in the case relied on by Cobb, the Court found the parties had entered into a purchase agreement with an enforceable attorney fee provision. *Santisas v. Goodin*, 17 Cal. 4th 599, 607–08 (1998). Because there is no underlying contract or agreement between Cobb and the Halls, Cobb cannot rely on § 1717. Thus, her motion for attorney's fees is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Cobb's summary judgment motion in its entirety. (Doc. No. 141.) Cobb is hereby dismissed from the action. Per Judge Skomal's order, the parties are to call his chambers within three days from the date of this order to reschedule the mandatory settlement conference and pretrial dates. (Doc. No. 151.)

**IT IS SO ORDERED.**

Dated: March 29, 2019

Hon. Anthony J. Battaglia
United States District Judge