UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                                  Plaintiff,<br>v.<br>The Hall Family Trust Dated June 8, 2001, et al.,<br>                                Defendants. | Case No.: 16-cv-0538-AJB-BGS<br><br>**ORDER DENYING CROSS-PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br>**(Doc. No. 162)** |

Before the Court is Cross-Claimants The Halls' summary judgment motion on two claims in the first amended cross-claim. (Doc. No. 162.) Finding that The Halls have suffered no loss in this case under either implied breach of warranty or unjust enrichment, the Court **DENIES** its motion for summary judgment and **GRANTS** judgment to the Scott Defendants.

## I. BACKGROUND

At its essence, this complicated case is about which party is liable for tax liens owed to the IRS. After a property in Solana Beach, California was purchased, the IRS recorded tax liens against it. Eventually, the property was sold, however the buyers allege the sellers failed to pay the liens from the proceeds of the sale. Due to the unpaid lax liens, the United States filed a complaint against the banks, the mortgage company, the buyers, and the sellers. After the United States filed the complaint in this matter, the sellers filed a cross-

1

claim against the buyers for failing to disclose the tax liens to them. The United States has since settled and the liens have been paid.

The A & F Family Pure Trust (the sellers in this story) purchased the Solana Beach Property in 1999. (Doc. No. 146 at 3.) Neil Alan Scott was the managing trustee for the A & F Family Pure Trust at that time. (*Id.*) Neil's children—Michael Alan Scott and Sally Dawn Cobb—and his late wife's estate—the Estate of Frances V. Scott—are all named defendants in the cross-claim. (*Id.*) When Neil died in 2013, Michael became the successor Trustee of the A & F Pure Family Trust. (*Id.* at 5.) The cross-defendants include the A & F Pure Family Trust, Michael Alan Scott, and the Estates of Frances and Neil—hereinafter referred to as "the Scott Defendants."

The cross-plaintiffs allege that Neil Alan Scott created the A & F trust to "avoid the payment of federal taxes." (*Id.* at 4.) On June 11, 2008, the IRS recorded the first tax lien against the A & F trust as the nominee/alter-ego of Neil with the San Diego County Recorder's office. (*Id.*) Then on August 11, 2008, the IRS recorded a second lien, against the same party. (*Id.*)

The cross-plaintiffs—the Hall Family Trust dated June 8, 2001, and Russell Merton Hall and Amy Hedwig Hall as trustees (the buyers in this story hereinafter referred to as "The Halls"), purchased the property in 2013. (Doc. No. 146 at 5.) The Halls allege the tax liens did not appear on the property's title report and thus were not paid from the proceeds of the sale, which were distributed to the Scott Defendants. (*Id.*)

## II. LEGAL STANDARDS

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 if the moving party demonstrates the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Id.* A party seeking summary judgment bears the initial burden of establishing the absence of a genuine issue

2

of material fact. *Celotex Corp.*, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to establish an essential element of the nonmoving party's case on which the nonmoving party bears the burden of proving at trial. *Id.* at 322–23. If the moving party carries its initial burden, the burden of production shifts to the nonmoving party to set forth facts showing a genuine issue of a disputed fact remains. *Id.* at 330. When ruling on a summary judgment motion, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. DISCUSSION

The Halls seek summary judgment on two claims: the third claim for breach of implied warranty against encumbrances and the eleventh claim for restitution based upon unjust enrichment. The Court questioned whether The Halls had standing to bring these claims at the August 1, 2019 motion hearing date, to which The Halls confirmed they did not.

### A. Breach of Implied Warranty Against Encumbrances

The Halls argue under California Civil Code § 1113, the Scott Defendants breached an implied warranty against encumbrances when they transferred a title that had a lien imposed on it. California Civil Code Section 1113(b) establishes that when a seller executes a grant deed, he warrants that the property is free from encumbrances done, made, or suffered by the seller unless the grant deed expressly states otherwise. *See Snyder v. Pine Grove Lumber*, 40 Cal. App. 2d 660, 663–64 (1940).

Here, The Halls assert because the grant deed they received did have liens on it, the Scott Defendants violated this warranty. It is unclear what The Halls argue they should receive based on such a violation, but they state "[t]he usual measure of damages is the amount expended to remove the encumbrance." (Doc. No. 162-1 at 10.) However, The Halls also note that "Commonwealth paid the IRS" to discharge the leans; The Halls did

not pay anything.

The Scott Defendants argue the same point—The Halls have suffered no loss. The Halls are correct in stating the measure of damages is how much it costs to remove the encumbrance. However, the damages are how much "<u>the convenantee actually expends</u> in removing the encumbrance, not exceeding the value of the property at the time of the breach." *Evans v. Faught*, 231 Cal. App. 2d at 698, 712–13 (1965) (emphasis added).

Although The Halls allege in their complaint "they have been damaged in an amount of $1,030,000.00," they have not shown at the summary judgment stage such a loss. The Halls have attached no affidavits, invoices, or statements proving The Halls paid anything to remove the encumbrance. Accordingly, it appears there is no genuine issue of material fact regarding The Hall's damages. Those damages are nil. Thus, the Court **DENIES** summary judgment on the Implied Warranty claim as The Halls did not suffer any loss. Further, based on the finding of no loss in this regard, the Court grants judgment on the Third Claim of Breach of Implied Warranty against encumbrances.

**B.     Restitution Based on Unjust Enrichment**

There is no standalone cause of action for unjust enrichment in California. "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." *Melchior v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003).

The Halls argue, essentially, that the Scott Defendants were unjustly enriched when The Hall's title insurance company—Commonwealth—paid the liens on the home sold to The Halls when the Scott Defendants were aware the encumbrances existed. (Doc. No. 162-1 at 11–13.) However, there are at least two critical issues with The Hall's argument.

First, The Hall's use of deposition testimony from Amy Hedwig Hall and Michael Scott do not prove the Scott Defendants knew about the liens. In other words, The Halls attempt to use this testimony to prove there is no genuine issue of material fact regarding the Scott Defendants' knowledge, but they fail. Scott's testimony concludes that he knew his father had "major arguments" with the IRS, but only to the extent his father "felt that

4

they [the IRS] were exceeding their jurisdiction" and that his father felt the IRS "was a fraudulent organization. . .." (Doc. No. 162-5 at 3–4, Scott Depo. 79:22–25 – 80:1–12.) Scott did not admit knowledge of the liens.

The Halls also argue it was well-known in the neighborhood that Scott's father was a "tax defier." (Doc. No. 162-1 at 12.) Amy Hedwig Hall testified in her deposition that she was told by at least one neighbor that "the Scotts . . . didn't believe in taxes." (Doc. No. 146-5 at 32; Hall Depo. 107:4–9, 24–25 – 108:1.) However, what the neighbors knew is irrelevant to the issue of Michael Scott's knowledge of the existence of the liens at the time of the sale. Thus, looking at The Hall's evidence, The Halls have failed to show no genuine issue of material fact exists.

Second, even if the Scott Defendants were unjustly enriched, it was vis-à-vis the title insurance company, Commonwealth, and not with respect to The Halls. Assuming The Halls' theory that the Scott Defendants knew of the liens and failed notify The Halls prior to the sale, The Halls still suffered no loss. Standing in The Hall's shoes, it would not be unjust for the Scott Defendants to retain the sale's proceeds as the Scott Defendants did not receive a benefit at The Hall's expense. *FDIC v. Dintino*, 167 Cal. App. 4th 333, 346–47 (2008) ("Even when a person has received a benefit from another, he is required to make restitution 'only if the circumstances of its receipt or retention are such that, as between the two persons, it is unjust for him to retain it.'" (quoting *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51–52 (1996))).

During the motion hearing, The Hall's attorney admitted as such, stating Commonwealth is the real party in interest. However, Commonwealth is not a party to this lawsuit. Commonwealth paid the encumbrances in August 2017. At that point, according to The Hall's theory, Commonwealth sustained their injury. Yet, when The Halls amended their cross-claim in December 2017 to add a defendant—months after Commonwealth paid the liens—they did not amend to name Commonwealth as the real party in interest, nor is Commonwealth even found mentioned in the amended cross-claim. (*See* Doc. No. 103.) The Hall's counsel made an oral motion to substitute Commonwealth in for The Halls as

the real party in interest at the motion hearing, but the Court **DENIES** that request at this juncture as untimely and prejudicial. The Halls had two years to add Commonwealth but did not. Commonwealth in its' own right had two years to intervene, but it did not. Rather, the parties and the Court have wasted two years litigating this case without the correct prosecuting party, despite the knowledge of the Hall's that their claims had been subrogated to Commonwealth long ago.

Accordingly, the Court **DENIES** The Hall's motion for summary judgment on the unjust enrichment claim (The Eleventh Claim) finding The Halls have no standing.

### IV. CONCLUSION

The Court finds that The Halls have suffered no loss in conjunction with the underlying actions at the core of their cross-claim. The Hall's counsel admitted in Court they have suffered no financial loss or were required to pay anything out-of-pocket regarding the liens. As such, The Halls either lack standing or lack damages with regards to their claims for implied breach of warranty and unjust enrichment. Accordingly, the Court **DENIES** their motion for summary judgment and **GRANTS** judgment to the Scott Defendants as to the third and eleventh causes of action.

Furthermore, the Court **ORDERS** The Halls to show cause as to why their remaining cross-claim should not be dismissed for similar standing and damages issues, as well as the lack of any issue of fact that Michael Scott knew of the existence of the tax liens at the time of the sale. The evidence presented in the record to date is clearly to the contrary. The OSC hearing is set for **September 12, 2019**, at **2:00 p.m.**

**IT IS SO ORDERED.**

Dated: August 2, 2019

Hon. Anthony J. Battaglia
United States District Judge