UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>                              Plaintiff,<br>v.<br>The Hall Family Trust Dated June 8, 2001, et al.,<br><br>                            Defendants. | Case No.: 16-cv-0538-AJB-BGS<br><br>**ORDER GRANTING THE HALL FAMILY TRUST DATED JUNE 8, 2001, RUSSELL MERTON HALL, AND AMY HEDWIG HALL'S EX PARTE MOTION TO STAY LITIGATION PENDING APPEAL**<br><br>**(Doc. No. 213)** |

Presently before the Court is Cross-Plaintiffs the Hall Family Trust dated June 8, 2001, Russell Morton Hall, and Amy Hedwig Hall's ("the Halls") *ex parte* motion to stay litigation pending appeal. (Doc. No. 213.) The Halls' *ex parte* motion is unopposed. For the reasons stated below, the Court **GRANTS** the Halls' *ex parte* motion.

**I.  BACKGROUND**

The ultimate issue in this case concerned which party was liable for tax liens owed to the IRS. On November 12, 2019, the Court granted judgment to the Scott Defendants, holding that the Halls failed to show they suffered any damages independent of the amounts already paid to the IRS by their title insurance company, and real party in interest, Commonwealth. (Doc. No. 195.) The Scott Defendants filed a motion for attorneys' fees on November 26, 2019, which is currently pending before the Court. (Doc. Nos. 202–03.)

1

On December 4, 2019, the Halls filed a notice of appeal to the Ninth Circuit. (Doc. No. 206.)

## II. DISCUSSION

"If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Note (1993). Courts consider four factors to determine whether to stay awarding attorneys' fees and costs pending appeal: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits;" (2) "whether the applicant will be irreparably injured absent a stay;" (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding;" and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The Court finds that none of the foregoing factors weigh against staying this action pending resolution of the Halls' appeal. First, the Halls' appeal presents a serious legal question. Second, with the motion for attorneys' fees pending, an award of attorneys' fees would need to be vacated in the event the Halls prevail on their appeal. Third, a stay preserving the status quo will not substantially injure the Scott Defendants because their right to attorneys' fees will be preserved pending the resolution of the appeal. And lastly, the public's interest is furthered with a stay as it is the most efficient use of judicial resources.

In addition, the Court notes that the Halls' *ex parte* motion is unopposed. Pursuant to this Court's Chambers Rule III.2, "*[e]x parte* motions that are not opposed, will be considered unopposed and *may* be granted on that ground." The Court here, exercising its discretion, will stay this action pending the resolution of the appeal.

## III. CONCLUSION

In light of the foregoing, the Court **GRANTS** the Halls' *ex parte* motion to stay litigation pending appeal. (Doc. No. 213.) This action is hereby **STAYED** pending the

2

16-cv-0538-AJB-BGS

resolution of the Halls' appeal. The hearing on the Scott Defendants' motion for attorneys' fees, (Doc. Nos. 202–03), currently set for February 20, 2020 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: January 31, 2020

Hon. Anthony J. Battaglia
United States District Judge